## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222,

            Plaintiff,

   v.                                                  Civil Action No. 20-2786

FOOD AND DRUG ADMINISTRATION
10903 New Hampshire Avenue
Silver Spring, MD 20993,

            Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Reed Smith LLP brings this action seeking disclosure of wrongfully withheld agency records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3.      Plaintiff Reed Smith LLP ("Reed Smith"), which submitted the FOIA request at issue here, is a limited liability partnership organized under the laws of the State of Delaware. Reed Smith's principal business address is 225 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

4.      Defendant Food and Drug Administration ("FDA"), which received the FOIA request at issue here, is an agency within the Department of Health and Human Services. FDA is an

"agency" within the meaning of 5 U.S.C. §§ 551(1) and 701(b)(1). FDA's principal business address is 10903 New Hampshire Avenue, Silver Spring, Maryland 20993.

## STATEMENT OF FACTS

5.      On July 1, 2020, the National Academies of Sciences, Engineering, and Medicine ("NASEM") published a report entitled *The Clinical Utility of Compounded Bioidentical Hormone Therapy: A Review of Safety, Effectiveness, and Use* (the "Report"). The Report was the result of a study, commissioned by FDA, to examine the clinical utility of treating patients with compounded bioidentical hormone replacement therapy ("cBHRT").

6.      On July 31, 2020, Reed Smith submitted a FOIA request to FDA requesting agency records related to NASEM's study and the Report. Specifically, the FOIA request sought communications between FDA (including, but not limited to, FDA's Center for Drug Evaluation and Research) and relevant individuals and entities, within a specified timeframe, regarding the following subjects: (1) NASEM, (2) bioidentical hormones, (3) cBHRT, (4) difficult to compound, (5) clinical utility, (6) the Pharmacy Compounding Advisory Committee, (7) Jane Axelrad, and (8)  Axelrad Solutions, LLC. A true and correct copy of the FOIA request is attached as Exhibit A. Although the letter containing the FOIA request is dated July 24, 2020, as reflected by FDA's FOIA Request Confirmation attached as Exhibit B, the FOIA request was submitted to FDA via the agency's online access portal on July 31, 2020.

7.      FDA confirmed receipt of the FOIA request via e-mail on July 31, 2020. A true and correct copy of FDA's July 31 e-mail is attached as Exhibit C.

8.      On August 4, 2020, FDA advised Reed Smith via e-mail that FDA had assigned the FOIA request a control number but indicated that "[d]ue to an increase in the number of incoming requests, we may be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA." FDA provided no date upon which it intended

to respond to the FOIA request, nor did FDA seek any information from Reed Smith in order to assist FDA with responding to the request in the time required by statute. A true and correct copy of FDA's August 4 e-mail is attached as Exhibit D.

9.      FOIA provides that an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such request and shall immediately notify the person making such request of . . . such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). The 20-day period "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations . . . to receive" FOIA requests. *Id*. § 552(a)(6)(A). "In unusual circumstances . . . the time limits . . . may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). "No such notice shall specify a date that would result in an extension for more than ten working days" except in certain circumstances not relevant here. *Id.*

10.      FDA received the FOIA request on July 31, 2020. Even allowing for an additional ten days in order for the request to be provided to the appropriate FDA component, the time limit for FDA to determine whether to comply with the FOIA request expired on September 11, 2020. At no time did FDA provide any information supporting an extension of that time limit due to unusual circumstances, seek to modify or narrow the FOIA request, or provide a date certain on which a determination is expected to be dispatched.

11.      To date, Reed Smith has not received a determination from FDA as to whether FDA will comply with the FOIA request.

**CAUSE OF ACTION**

**Violation of the Freedom of Information Act for Improper Withholding of Agency Records**

12.     Reed Smith repeats and realleges paragraphs 1-11.

13.     The documents requested by the FOIA request constitute "agency records" subject to mandatory disclosure under FOIA.

14.     FDA has improperly withheld the requested agency records in violation of 5 U.S.C. § 552(a)(3)(A).

15.     Reed Smith has constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

**REQUEST FOR RELIEF**

WHEREFORE, Reed Smith requests that the Court:

A.     Order FDA to produce all agency records responsive to the FOIA request by a date certain;

B.     Award Reed Smith its costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

C.     Grant such other relief as the Court deems just and proper.

Dated: October 1, 2020                          Respectfully submitted,

                                                REED SMITH LLP


                                          By: /s/ James F. Segroves
                                                James F. Segroves (D.C. Bar No. 480630)
                                                1301 K Street, NW
                                                Suite 1000 – East Tower
                                                Washington, DC 20005
                                                202.414.9200
                                                202.414.9299 (fax)
                                                jsegroves@reedsmith.com

                                                *Counsel for Plaintiff*

- 4 -